DOWNEY BRAND LLP
R. DALE GINTER (Bar No. 100784)
DANIEL J. COYLE (Bar No. 119274)
JAMES C. PAUL (Bar No. 182104)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
dginter@downeybrand.com
dcoyle@downeybrand.com
jpaul@downeybrand.com

Attorneys for
Official Unsecured Creditors Committee of City of
Vallejo Retirees

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In Re:

CITY OF VALLEJO,
CALIFORNIA,

    Debtor.

Case No. 2008-26813

Docket Control # DB-1

Chapter 9

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RETIREES' RESPONSE TO THE DEBTOR'S SUBMISSION OF PROPOSED NOTICE OF [    ], 2010 BAR DATE FOR CREDITORS WITH CLAIMS BASED ON RETIREE BENEFITS**

Date: May 19, 2010
Time: 1:00 p.m.
Dept: A
Judge: Hon. Michael McManus

The Official Committee of Unsecured Creditors of Retirees' ("Committee") responds to the Debtor's proposed form of notice ("Notice") of a bar date ("Bar Date") for filing "Retiree Claims" as follows:

1.     **Getting the Retirees' Attention**. The first page of any notice should be more

1076514.2

1

like a summons and should make it crystal clear that the retiree must take action or his/her rights will be impaired. The Committee suggests a first page that states in very large, bold letters, something to the effect of:

**Attention: THIS NOTICE IS BEING SENT PER THE ORDER OF THE UNITED STATES BANKRUPTCY COURT OVERSEEING THE CITY OF VALLEJO BANKRUPTCY CASE.**

**City of Vallejo Retirees Who Wish to Challenge Past or Future Reductions to the Amount that the City Contributes for Retiree Health Insurance Must File a Proof of Claim with the Bankruptcy Court Pursuant to the Instructions Contained in this Notice.**

**IF YOU DO NOT FILE A PROOF OF CLAIM, YOU WILL NOT BE ABLE TO SEEK DAMAGES OR OTHERWISE CHALLENGE REDUCTIONS IN THE AMOUNT PAID BY THE CITY FOR YOUR HEALTH COVERAGE.**

**YOU ARE NOT REQUIRED TO FILE A PROOF OF CLAIM TO PROTECT YOUR RIGHTS TO CONTINUED PENSION BENEFITS FROM THE CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM.**

2. **Background Information.** Most of the City's retirees have had no encounter with the bankruptcy court system, have little background knowledge, and some are elderly, in poor health or otherwise infirm. More background is needed. How much additional background depends on whether the retirees' proofs of claim ("POC") only need to include a claim amount for the reduced healthcare benefits; or if the POCs must also include a claim

1076514.2
2

amount for the retirees' annuity benefit paid by CalPERS. Assuming that only healthcare benefits are involved, the Committee suggests the following additional language:

"If the City has an obligation to pay some or all of your monthly health insurance premiums during your retirement, and the City has reduced or reduces the amount it pays, you have a claim against the City for the difference between the amount that the City is/was obligated to pay and the amount that it will actually pay for the rest of your lifetime. If you have a claim, you are a creditor of the City. Creditors in bankruptcy proceedings are required to file a proof of claim or they lose their right to pursue the claim. Proofs of claim are then used by the Bankruptcy Court, the City and creditors to determine the total amount of claims and the amount that will be paid to each creditor. Creditors who fail to file timely proofs of claim generally receive nothing. Therefore, it is critically important that you file a proof of claim."

3. **No Bar to Continued Benefits**. To the extent the City continues paying some portion of monthly retiree health insurance premiums, the failure to file a POC should not bar a retiree from continuing to receive that benefit. For example, suppose (hypothetically) that Retiree A is entitled to a healthcare contribution of $1,000 per month for life and that the City reduces that benefit to $300 a month for life. In this case Retiree A's failure to file a POC would result in Retiree A not being entitled to a distribution for the loss of a $700 per month benefit, but Retiree A WOULD still be entitled to receive the $300 per month remaining benefit. The Committee suggests language such as:

"Anyone asserting a retiree benefits claim who fails to file a proof of claim will still be entitled to receive whatever benefits the City continues to provide to such retirees."

4. **Definition of "retiree benefits"**. The City's submission leaves the critically important term "retiree benefits" undefined. Counsel are discussing this. The City has proposed to reduce healthcare benefits; it has not proposed to reduce monthly pension benefits payable by the California Public Employees' Retirement System (CalPERS). Although CalPERS pension benefits could be interpreted as a "retiree benefit," retirees should not be required to file proofs of claim to protect their rights to continued monthly pension payments

1076514.2

3

from CalPERS. Requiring retirees to file proofs of claim with respect to pension benefits would add tremendous complexity and would necessitate substantial revisions to this notice.

5. **Basis for Calculating the POC Amount**. The basis for calculating the amount of the retirees' POCs is uncertain. The POCs could be calculated on the full value of the healthcare benefits; or, the amount could be calculated based upon the value of the reduction in benefits. Again using the hypothetical of Retiree A whose healthcare benefit is cut from $1,000 per month to $300 per month, is Retiree A's POC to be calculated on the full benefit of $1,000 per month; or just on the $700 per month benefit reduction? The POC should be calculated on the full amount (i.e., $1,000 in the hypothetical). Then the value of the remaining healthcare benefit provided by the City can be subtracted to obtain the POC amount. With this method, the POC amount could more readily be changed if the City subsequently modifies the benefit.

6. **Form of POC**. In Paragraph 7 below the Committee proposes a methodology for calculation of the retirees' POCs. To facilitate the process a customized POC form should be used rather than Official Form B-10. Such a customized form would provide all information necessary to calculate the total amount or present value of each claim in a standardized format. The Committee believes that additional information is needed to facilitate calculations of retirees' claims, including the following information for each retiree, spouse and dependent –

- Date of birth;
- Employee/labor group to which the retired employee belonged at the time of retirement;
- Gender;
- Date of retirement;
- Whether the individual(s) is/are eligible to receive Medicare benefits; and
- The current CalPERS health plan in which the individuals participate and the current monthly premium amount.

The retiree POC would not need to specify an actual amount because that would be

done pursuant to the procedure described in Paragraph 7 below.

7. **Proposed Procedure for Calculation of POCs** With the information from each POC, an actuary(ies)[1] can calculate the claims for each individual and the total amount for all retirees in consultation with the City and Committee. The City and Committee would then work to agree on the preliminary allowed amount of each POC. Then a subsequent notice would be sent to each retiree who filed a POC informing each retiree of the preliminary allowed amount of the claim, and further informing them that they have the right to appear, contest the preliminary allowed amount and assert a different amount. Failure to respond would result in the preliminary allowed amount becoming the final allowed amount. If a retiree objects to the preliminary allowed amount the Court will then make a determination. If the Committee and the City cannot agree on the allowed amount this Court would then decide.

With this type of procedure the Committee can take a laboring oar in the process without its counsel conflicting itself out of the case by representing individual retirees or classes, while preserving each retirees' due process rights to be heard if such retiree does not agree.

Respectfully submitted,

DATED: May 2010

DOWNEY BRAND LLP

By: _____
R. DALE GINTER
Attorney for Official Unsecured Creditors
Committee of City of Vallejo Retirees

---

[1] The Committee's hiring an actuary is under discussion with the City.

1076514.2

5