FILED
May 19, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002643535

**4**

MARC A. LEVINSON (SBN 57613)
NORMAN C. HILE (SBN 57299)
MICHAEL WEED (SBN 199675)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA  95814
Telephone:     (916) 447-9200
Facsimile:      (916) 329-4900
malevinson@orrick.com
nhile@orrick.com
mweed@orrick.com

Attorneys for Debtor
City of Vallejo

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

CITY OF VALLEJO, CALIFORNIA,

Debtor.

Case No.  2008-26813

Docket Control No. DB-1

Chapter 9

**CITY OF VALLEJO'S MEMORANDUM RE SETTING A BAR DATE FOR CREDITORS WITH CLAIMS BASED ON RETIREE PENSION OR HEALTH BENEFITS**

Date:     May 19, 2010
Time:    1:00 p.m.
Dept:     A
Judge:   Hon. Michael McManus

On May 5th, the City of Vallejo, California (the "City"), filed its Submission of Proposed Notice Of _____, 2010 Bar Date For Creditors with Claims Based On Retiree Benefits (the "Proposed Notice") for consideration by the Court and parties in interest [Docket No. 690].  Only two responses were filed:  One by CalPERS, which suggested that a paragraph recommending that claimants consult their own counsel with any questions about the Proposed Notice, and the other by the Committee, which suggested both language and structural changes

("Committee Response") [Docket No. 698]. The Committee Response was both thoughtful and constructive, and it prompted discussions among the City and its counsel as well as between lawyers for the Committee and the City. This Memorandum is submitted prior to this afternoon's hearing in order to provide the Court and parties in interest a preview of what the City will be suggesting with respect to the Proposed Notice. Counsel for the Committee is aware of the City's position.

<u>Defining Retiree Benefit Claims</u>. The Proposed Notice did not attempt to define the term "retiree benefits" (i.e., the basis for any claims to be filed as the result of the Proposed Notice). Rather, it deferred proposing a definition until further discussion internally and externally. The City now believes that the term should include both health and pension benefits. Each is discussed below.

<u>Pension Benefits</u>. The City continues to fully fund pension benefits and has no intention of impairing such benefits in the future -- through a plan of adjustment or otherwise. For example, the workout plan adopted by an unanimous City Council resolution on December 22, 2009 (and attached to the Susan Mayer declaration filed on January 25, 2010 as Docket No. 601) does not alter payments on account of retiree pension benefits. While the City recognizes that events could overtake it and force a re-examination of this policy, the present intention of the City is clear and firm.

<u>Health Benefits</u>. The City and the Committee have very differing views on how claims relating to health care benefit reductions ought to be calculated. Very briefly stated, the City believes that claims on account of the unilateral reduction of such benefits by the City as to IBEW and IAFF members should be calculated from the date of the reduction until the date of the expiration of the collective bargaining agreement under which such benefits arose. In the case of such unions, the period is six months or less. The City believes that reductions of such benefits pursuant to postbankruptcy agreements between the City and its other two unions (VPOA and CAMP) do not result in any claims. The Committee believes that all retirees have claims that extend to the loss of health benefits for the remainder of their lives, and that agreements between active union members and the City cannot serve to alter benefits to retirees – unless such

- 2 -

CITY'S MEMORANDUM RE SETTING A BAR
DATE FOR CLAIMS BASED ON RETIREE
HEALTH OR PENSION BENEFITS

contracts provide *increased* benefits to retirees, of course. This dispute is not on for hearing this afternoon. As the Court and parties in interest are well aware, it is the subject of an adversary proceeding initiated by the Committee (the "Adversary") [Adv. 2010 – 02136]. The City has filed a motion to dismiss the Adversary; it is set for hearing on June 28th.

The City's and the Committee's Joint Goals. Both the City and the Committee desire to simplify the claims process for the 400+ retirees, many of whom are relatively unsophisticated with respect to the complexities of chapter 9 generally and calculating proofs of claim in particular. In other words, any bar notice relating to health and pension benefits is likely to be confusing and frustrating to retirees and their beneficiaries. Both the City and the Committee seek to make the claims process as cost-efficient as possible. The City's initial proposal is embodied in the Proposed Notice, and the Committee's suggestion is embodied in the Committee Response. Both suffer from the flaw of the prospect of confidential personal information becoming public, a result everyone wants to avoid. After reflection and discussion, the City's new proposal follows.

No Bar Notice is Necessary. The City submits that no bar order or notice with respect to health or pension benefits is necessary.

Pension Benefits. In light of the City's not having altered pension benefits to date and its strong desire not to do so in the future, it sees no need for retirees to file proofs of claim with respect to such benefits. In the unlikely event that the City altered its position on pension benefits in the future, a bar date could be set then following the procedure the City outlines below in connection with health benefit claims.

Health Benefits. The City, through its agent, CalPERS, has access to data that would enable it to calculate claims related to the diminution of health care benefits. It proposes to prepare such a calculation for each retiree and transmit the data to the retirees, under cover of an explanatory memorandum which would enumerate how the amount was calculated and would provide the recipient with a date (likely 30-45 days after receipt) by which he/she could object to the calculation. The procedure would be akin to a chapter 11 debtor listing claims

///

CITY'S MEMORANDUM RE SETTING A BAR
DATE FOR CLAIMS BASED ON RETIREE
HEALTH OR PENSION BENEFITS

on its schedules as neither disputed, contingent nor unliquidated.  See Rule 3003(b), which does not apply in chapter 9 cases because Bankruptcy Code §521 does apply in chapter 9.

The Committee opposes this approach, believing that its view on the calculation of claims will prevail, therefore requiring an actuary to do the calculations for each retiree.  And it correctly notes that the legal issues will not be resolved by this Court any earlier than June 28th, and will not be resolved then if the Court determines that the Committee lacks standing to bring the adversary.  The City's position is that the time, expense and confusion attendant to such calculation should be deferred until it must be done.

Dated: May 19, 2010　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP

　　　　　　　　　　　　　　　　　　　　/s/ Marc A. Levinson
　　　　　　　　　　　　　　　　　　Marc A. Levinson (SBN 57613)
　　　　　　　　　　　　　　　　　　Norman C. Hile (SBN 57299)
　　　　　　　　　　　　　　　　　　Michael Weed (SBN 199675)

　　　　　　　　　　　　　　　　　　Attorneys for the City of Vallejo

OHS West:260918203.1

- 4 -

CITY'S MEMORANDUM RE SETTING A BAR DATE FOR CLAIMS BASED ON RETIREE HEALTH OR PENSION BENEFITS