UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | City of Vallejo, California | **Case No :** | 08-26813 - A - 9 |
| | | **Date :** | 11/8/10 |
| | | **Time :** | 09:00 |

| | | |
|---|---|---|
| **Matter :** | [820] – Stipulated Motion/Application to have Claim Numbers 555-581 Deemed Timely Filed [FBM-4] Filed by Creditor International Association of Firefighters Local 1186 and Creditor International Brotherhood of Electrical Workers, Local 2376 (maws). | UNOPPOSED |

| | |
|---|---|
| **Judge :** | Michael S. McManus |
| **Courtroom Deputy :** | Sarah Head |
| **Reporter :** | Diamond Reporters |
| **Department :** | A |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

MOTION was :
Granted
See final ruling below.

ORDER TO BE PREPARED BY :        Movant(s)

Final Ruling: This motion has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). The failure of the other creditors, the debtor, and any other party in interest to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(ii) is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the above-mentioned parties in interest are entered and the matter will be resolved without oral argument.

The motion will be granted.

On May 23, 2008, petitioner City of Vallejo filed its voluntary petition under chapter 9 of the Bankruptcy Code. On June 4, 2010, the court entered its "Order Fixing Bar Date for Claims Other than Those Based on Retiree Health or Pension Benefits." (Dkt. 716). The foregoing order set the bar date by which certain proofs of claim against the City of Vallejo must be filed as August 16, 2010. (Dkt. 716, at 2). Creditor International Association of Firefighters Local 1186's ("IAFF") counsel filed claim nos. 555-81 untimely on August 17, 2010. IAFF alleges, however, that counsel's failure to timely file claim nos. 555-81 was the result of "excusable neglect," because the court's electronic filing system was experiencing technical difficulties on the date of August 16, 2010, when counsel was filing the proofs of claim at issue. IAFF asserts that counsel was uploading proofs of claim in batches of twenty-seven (27), and had successfully uploaded two (2) batches when the court's electronic filing system went down. (Dkt. 820, at 2). Counsel made efforts to contact the court to resolve this matter without success. Through its stipulated motion, IAFF now requests the court enter an order deeming proofs of claim 555-81 as timely filed. The stipulated motion has been signed by debtor City of Vallejo's counsel. (Dkt. 820, at 3).

"Rule 3003(c) of the Federal Rules of Bankruptcy Procedure sets out the requirements for filing proofs of claim in Chapter 9 Municipality and Chapter 11 Reorganization Cases." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 382 (1993). "Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect.'" Id. "[C]ongress plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388. In determining whether the circumstances surrounding the party's neglect is "excusable," a court should consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. The court will now consider the foregoing four factors in turn.

I. The Danger of Prejudice to the Debtor.

IAFF alleges that in order to avoid any prejudice to debtor, IAFF's counsel sent the remaining third patch, proofs of claim 555–81, to debtor's counsel at 8:55 p.m. on August 16, 2010. (Dkt. 820, at 2). Furthermore, debtor's signature on the instant motion signals to the court that the debtor will not be unduly prejudiced as a result of the court's allowance of the untimely filed proofs of claim.

II. The Length of the Delay and Its Potential Impact on Judicial Proceedings.

The proofs of claim 555–81 were successfully filed by IAFF's counsel on the morning of August 17, 2010, a single day after the August 16, 2010 deadline. The court finds that this relatively short delay mitigates in favor of allowing the untimely filed claims.

III. The Reason for the Delay.

IAFF alleges without dispute that the delay was due to a problem with the court's electronic filing system. IAFF asserts that on August 16, 2010, counsel for IAFF began filing proofs of claim on behalf of eighty-one (81) individual members of IAFF, and that the proofs of claim were uploaded in three (3) batches of twenty-seven (27) claims each. (Dkt. 820, at 2). IAFF asserts that the first two (2) batches of claims were filed before 5:00 p.m. that day, but that at approximately 5:30 p.m. that same day, the court's electronic filing system "went down." (Dkt. 820, at 2). The court finds that the problem with the court's electronic filing system constitutes an "intervening circumstance[] beyond the party's control." Pioneer, 507 U.S., at 388.

IV. Whether the Movant Acted in Good Faith.

IAFF alleges without dispute that immediately upon discovering the problem with the electronic filing system, counsel's secretary telephoned the court's Help Desk, but because it was after business hours, no one was available to assist counsel's secretary. (Dkt. 820, at 2). Counsel's secretary also sent an email to the Help Desk, but received no response. (Dkt. 820, at 2). Counsel's secretaries continued throughout the evening of August 16, 2010 to attempt to upload the claims without success. To avoid any prejudice to debtor, IAFF's counsel sent the remaining twenty-seven (27) proofs of claim to debtor's counsel at 8:55 p.m. on August 16, 2010. (Dkt. 820, at 2). The foregoing actions of IAFF's counsel reflect a good faith attempt to file the proofs of claim timely.

The lack of prejudice to the debtor or to the judicial administration of this proceeding, the debtor's agreement to allow the untimely filed claims, in addition to the good faith effort of IAFF's counsel, weigh in favor of allowing the untimely filed claims. Accordingly, the motion will be granted, and proofs of claim 555–81 will be allowed.